IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:07CV158-MU-02
(3:00CR131-01-MU)

| | |
|---|---|
| LANTIS JETON YOUNG,                )<br>     Petitioner,              )<br>                                   )<br>          v.                       )<br>                                   )<br>UNITED STATES OF AMERICA,           )<br>     Respondent.                   )<br>—————————————————————————————————)| **O R D E R** |

     **THIS MATTER** is before the Court upon petitioner's "Motion to Vacate, Set Aside, or Correct" under 28 U.S.C. §2255," filed April 9, 2007.  For the reasons stated herein, the petitioner's Motion to Vacate will be <u>denied</u> and <u>dismissed</u> for his failure to state a claim upon which relief could be granted.

### I.  <u>FACTUAL AND PROCEDURAL BACKGROUND</u>

     Pertinent to this Motion, the record reflects that on March 13, 2001, a Second Superceding Bill of Indictment was filed, charging the petitioner and two other individuals with numerous violations of federal law.  More particularly, Count One charged that the petitioner had conspired to possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§841(a)(1) and 846; Count Two charged him with using and carrying a firearm during and in relation to a drug trafficking crime, and in the course of such crime, causing the death of another

person, all in violation of 18 U.S.C. §§924(c)(1) and (j)(1);
Count Three charged him with possession with intent to distribute
cocaine, in violation of 21 U.S.C. §841(a)(1); Count Four charged
him with using and carrying a firearm during and in relation to a
drug trafficking crime on yet another occasion, in violation of
18 U.S.C. §924(c)(1); Count Five charged him with a carjacking,
in violation of 18 U.S.C. 2119; and Count Six charged the
petitioner with a third instance of using and carrying a firearm
during and in relation to the aforementioned carjacking, in
violation of 18 U.S.C. §924(c)(1).

After numerous continuances in the case, on May 19, 2003, a
four-day jury trial commenced for the petitioner.  At the conclu-
sion of that trial, the petitioner was convicted of all of the
charges which he was facing.

Next, on August 19, 2003, the Court held a Sentencing
Hearing in this matter.  On that occasion, the Court concluded
that the petitioner's total Offense Level for his convictions on
Counts One through Three was 43, that is, the highest level
permitted under the U.S. Sentencing Guidelines table.  The Court
then concluded that once the multiple-count adjustment was made
(as required under U.S.S.G. §3D1.4), the petitioner's total
Offense Level for the carjacking conviction (Count Five) was 43.
Thereafter, the Court determined that the petitioner's sentences
for the remaining two §924© convictions was mandated by statute.

2

Ultimately, the Court sentenced the petitioner to two terms of life imprisonment on Counts One and Two. The Court sentenced the petitioner to a term of 240 months imprisonment on Count Three, to run concurrently with Count One and Two. The Court also sentenced the petitioner to two terms of 240 months imprisonment on Counts Four and Six, to run consecutive to each other and to the two life sentences from Counts One, Two and Three; and the Court sentenced the petitioner to one term of 180 months imprisonment on Count Five, that term to run concurrently with all of the other sentences. Not surprisingly, the petitioner directly appealed his case to the Fourth Circuit Court of Appeals.

On Appeal, counsel filed a brief pursuant to the case of Anders v. California, 386 U.S. 738 (1967), asserting that there were no meritorious issues for appeal, except whether the evidence was sufficient to support the petitioner's six convictions. In addition, the petitioner accepted the Court's invitation to file a supplemental brief.

For his part, the petitioner argued that his right to a fair trial had been violated by the government's presentation of evidence of conduct relating to the murder, since that crime had occurred outside the Western District of North Carolina; that his conviction and sentence on the murder charge should have been vacated since this Court lacked the authority to try him for that

crime; that the trial Judge had committed reversible error by denying his Motion to Dismiss the drug charge under §841 because there was no evidence to establish that he was aware of the presence of the drugs which were found in the room where he was arrested, or that such drugs belonged to him; and that the §924© charge which was set forth in Count Four should have been dismissed because the evidence failed to establish that he had knowledge of the presence of the drugs which formed the basis of that charge.

Upon its review, the Fourth Circuit rejected all of the foregoing claims, concluding that appellate counsel's claim of insufficient evidence was "baseless"; and that the petitioner's supplemental claims were "meritless."  United States v. Young, No. 03-4773, slip op. at 1-2 (4th Cir. June 16, 2004).

Thereafter, however, the United States Supreme Court granted the petitioner's Petition for a Writ of Certiorari. See Young v. United States, No. 04-6461, slip op. at 1 (Supreme Court Jan. 24, 2005).  Following its review, the Supreme Court vacated the Circuit Court's Judgment, and remanded the petitioner's case to the appellate Court for further consideration of his sentences in light of its then-recent decision in United States v. Booker, 543 U.S. 220 (2005)(holding that the U.S. Sentencing Guidelines are advisory, not mandatory; and that the Sixth Amendment is violated when a federal court imposes a sentence which is greater than the

maximum which could be imposed upon facts found by a jury or
admitted by defendant).

Upon its second review, the Fourth Circuit determined that
the petitioner's life sentences for Counts One and Two properly
were based upon the jury's finding that he had committed a murder
during the course of a drug deal. United States v. Young, 161
Fed.Appx. 303, 305 (4th Cir. Jan. 10, 2006). The Court further
noted that there was no evidence in the record to even suggest
that the trial Court would have given the petitioner a lower
sentence had it been aware that the Guidelines were advisory and
not mandatory. Id. at 305-06. Therefore, the appellate Court
concluded that those two sentences could not be overturned. Id.
at 306.

As for the petitioner's sentences on Counts Three, Four and
Six, the Court of Appeals determined that such 240-month terms
statutorily were mandated under both Titles 18 and 21. Id.
Therefore, the appellate Court concluded that those sentences
actually were not impacted by the Booker decision. Id.

Regarding the petitioner's final sentence of 180 months im-
prisonment on Count Five, the appellate Court concurred with the
government's concession that such term erroneously was based upon
facts which had not been found by the jury or admitted by the
petitioner. Id. However, the Circuit Court also agreed with the
government's assertion that the petitioner's substantial rights

had not been violated by that sentence since it was imposed as a concurrent term with the petitioner's much lengthier life sentences.  Id.

In other words, the Court of Appeals determined that the petitioner would not end up serving any more time by virtue of that erroneous 180-month term than he already was obliged to serve by virtue of his properly imposed life sentences.  Accordingly, the Fourth Circuit reinstated its earlier opinion which affirmed the petitioner's convictions, and it reaffirmed all of his sentences upon its conclusion that Booker simply did not require that the petitioner be re-sentenced for any of his convictions.  Id.

Now, the petitioner has returned to this Court on the instant Motion to Vacate.  By this Motion, the petitioner does not challenge the sufficiency of the evidence for his convictions or the calculation of those sentences.  Rather, taking his claims out of order, the petitioner first claims that his murder conviction was obtained by use of perjured testimony from Cassandra B. Stacey with respect to whether Terry Stacey and Renee Davis had accompanied her to Pennsylvania.  Second, the petitioner claims that he was denied his Sixth Amendment rights under the "Confrontation Clause, with respect to, 'Terry Stacey' & 'Renee Davis', concerning drug business and murder."  Third, the petitioner claims, in his words, that the government engaged in

"misconduct with respect to evidence submitted to the jury, to convict the defendant." Last, the petitioner claims that he was subjected to "constitutionally ineffective assistance of trial counsel, because [counsel] failed to object to ground of 'hearsay' and/or move for mis-trial."

The Court has carefully reviewed the petitioner's claims and determined that the subject Motion to Vacate must be summarily rejected. That is, even a cursory review of the record of this matter shows that three of the petitioner's four claims were procedurally defaulted without excuse; and that his remaining claim against counsel is baseless. Therefore, this entire Motion must be <u>dismissed</u>.

## II. **<u>ANALYSIS</u>**

### 1. **<u>The petitioner's three non-counsel related claims have been procedurally defaulted</u>**.

By his first, second and fourth claims, the petitioner attempts to challenge the testimony of a particular witness. However, as was noted, the petitioner did <u>not</u> raise these matters during his direct appeals.

In <u>United States v. Mikalajunas</u>, 186 F.3d 490, 492-93 (4th Cir. 1999), <u>cert. denied</u>, 529 U.S. 1010 (2000), the Court pointed out that "[i]n order to collaterally attack a conviction or sentence based upon errors that could have been but were not pursued on direct appeal, the movant must show cause and actual prejudice resulting from the errors of which he complains[,] or he must

7

demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack." Id., citing United States v. Frady, 456 U.S. 152 (1982); see also Bousley v. United States, 523 U.S. 614, 621 (1998) (failure to challenge a matter on direct appeal, absent certain compelling circumstances, bars collateral review of same); and Stone v. Powell, 428 U.S. 465, 477 n.10 (1976).

In purported support of his claims, the petitioner has tendered Affidavits from Terry Stacey and Renee Davis. Such Affidavits, which are dated in March 2007, deny that the affiants ever traveled to Pennsylvania with Cassandra Stacey, as she had testified.

However, even assuming arguendo the truth of such affiants' denials, the petitioner does not even attempt to explain why he did not earlier obtain the subject Affidavits and raise the in-stant claims during either of his direct appeals. Accordingly, inasmuch as the record reflects that the petitioner failed to appeal the matters which he now seeks to raise by the foregoing three claims, and that he has failed to establish a basis for excusing his procedural default of these matters, this Court lacks the authority to review such defaulted claims.

2. **The petitioner's claim against counsel also must be rejected**.

By his last claim, the petitioner alleges that counsel was ineffective for having failed to challenge Cassandra Stacey's

8

testimony as hearsay and/or for having failed to seek a mistrial, presumably due to the admission of that testimony.  That is, the petitioner argues that Cassandra Stacey's "mention of 'Terry Stacey' and 'Renee Davis' without movant having an opportunity to confront [them] . . . " somehow violated his constitutional rights.  In support of this claim, the petitioner points to the testimony of Cassandra Stacey and contends that because of her mention of the two other persons, counsel should have sought an opportunity to confront them during the trial.  This allegation, however, is feckless.

To be sure, when alleging a claim of ineffective assistance of counsel, a petitioner must show that counsel's performance was constitutionally deficient to the extent it fell below an objective standard of reasonableness, and that he was prejudiced thereby.  Strickland v. Washington, 466 U.S. 668, 687-91 (1984). In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689; see also Fields v. Attorney Gen'l. of Md., 956 F.2d 1290, 1297-99 (4th Cir.), cert. denied, 474 U.S. 865 (1985); Hutchins v. Garrison, 724 F.2d 1425, 1430-31 (4th Cir. 1983), cert. denied, 464 U.S. 1065 (1984); and Marzullo v. Maryland, 561 F.2d 540 (4th Cir. 1977), cert. denied, 435 U.S. 1011 (1978).

To demonstrate prejudice, the petitioner must show a prob-

ability that the alleged errors worked to his "actual and sub-
stantial disadvantage, infecting his trial with error of
constitutional dimensions." Murray v. Carrier, 477 U.S. 478, 494
(1986), citing United States v. Frady, 456 U.S. 152, 170 (1982).
Under these circumstances, then, the petitioner "bears the burden
of proving Strickland prejudice." Fields, 956 F.2d at 1297,
citing Hutchins, 724 F.2d at 1430-31.  Therefore, if the peti-
tioner fails to meet this burden, a "reviewing court need not
consider the performance prong." Fields, 956 F.2d at 1290,
citing Strickland, 466 U.S. at 697.

Applying the foregoing principles to the petitioner's claim,
it is apparent that he cannot prevail in this matter.  Indeed,
the right to confront one's accuser, as provided under the Con-
frontation Clause, is only implicated when one actually is
accused by the person he wishes to confront.  To put it another
way, a defendant simply does not have a right to confront a
person who has not accused him or otherwise made a statement
against him, as is the case here.

Indeed, neither Terry Stacey nor Renee Davis testified
against the petitioner during his trial.  Equally critically,
neither of those individuals made any out-of-court statements
against the petitioner.  Rather, their names merely were men-
tioner by another witness during the course of that witness's
testimony against the petitioner.  Consequently, the petitioner

10

had no right to confront Mr. Stacey or Ms. Davis, and he cannot possibly establish any prejudice in connection with trial counsel's decision not to call them to testify.

Moreover, the question of whether or not Terry Stacey and/or Renee Davis actually accompanied Cassandra Stacey to Pennsylvania simply is irrelevant to the critical issues in this case: (1) whether or not the petitioner murdered a man; and (2) whether that murder was committed in the course of a drug-related robbery.  Therefore, since trial counsel mounted a vigorous cross-examination of Ms. Stacey concerning the petitioner's involvement with the subject robbery and murder, he simply cannot demonstrate that he was prejudiced by counsel's handling of this portion Ms. Stacey's testimony.

Third, even assuming that the portion of Cassandra Stacey's testimony relating to whether or not she was accompanied by Terry Stacey and Renee Davis to Pennsylvania somehow had an unfavorable impact on the petitioner, he still cannot demonstrate that he was prejudiced by that testimony given the facts of this case.  That is, Harvey Fletcher also testified to having seen Terry Stacey in Pennsylvania with Cassandra Stacey on the occasion in question. However, the petitioner has not challenged Fletcher's testimony; nor has he challenged his former attorney's handling of that testimony.  Such inconsistent posturing by the petitioner wholly undermines claim of ineffectiveness.  Ultimately, therefore, the

petitioner cannot demonstrate either deficient performance or prejudicial effect on the basis of this claim.

### III.   <u>CONCLUSION</u>

In short, the petitioner has procedurally defaulted three of his four claims, and he has failed to state a claim upon which relief can be granted in connection with his other claim. Accordingly, the instant Motion to Vacate must be <u>dismissed</u>.

### IV.   <u>ORDER</u>

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the petitioner's Motion to Vacate is **DENIED and DISMISSED**.

**SO ORDERED.**

Signed: April 17, 2007

Graham C. Mullen
United States District Judge

12